UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEANNA LIZOTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil No. 07-140-B-W |
| | ) |
| DAVID BORDETSKY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

Deanne Lizotte, the plaintiff in this action, has moved to voluntarily dismiss without prejudice so much of her claim as alleges sexual harassment and defendant does not object to the motion. (Doc. Nos. 10 & 11). Therefore that portion of the complaint is dismissed. Lizotte's motion also states as follows: "[B]ut the rest of the complaint that I filed with this court will stand as is." Lizotte explains in her three paragraph complaint that Bordetsky made an "illegal" $40,000 loan to her and obtained a mortgage against her home. In 2004, with the assistance of an attorney, she filed a Chapter 13 bankruptcy petition in an attempt to obtain relief from the loan's terms. The complaint then goes on to recite the events of alleged sexual harassment that Lizotte claimed occurred while her bankruptcy case was pending. She indicates that the bankruptcy case was closed in August of 2006.

As best I can understand Lizotte's complaint, what remains after the allegations of sexual harassment are dismissed is a dispute involving a foreclosure proceeding. The case was filed in this court based upon diversity and the fact that Lizotte claims the harassment occurred while she was involved in a bankruptcy proceeding. However, other

than the conclusory assertion that the loan was "illegal" Lizotte fails to explain pursuant to what statute or legal theory she brings this claim and she provides no factual background as to the claimed illegality of the loan itself from which this court could infer either a plausible federal or state statutory or common law cause of action.  See Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S. Ct. 1955 (May 21, 2007); see also Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(6); Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007).   It is my conclusion that Lizotte's complaint, as currently drafted, with the sexual harassment allegations voluntarily dismissed, utterly and completely fails to state any viable claim and should be dismissed in its entirety. I recommend the court do so.[1]

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C.  636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


November 29, 2007                              /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge

---

[1]   Because this is a recommended disposition, Lizotte has the opportunity to clarify the ambiguities in her complaint.  See Instituto de Educacion Universal Corp. v. United States Dept. of Educ., 209 F.3d 18, 23 -24 n.4 (2000).  I recognize that Lizotte's pro se pleading should be liberally construed, but as currently pled, with the allegations of sexual harassment voluntarily dismissed, what remains of the complaint is virtually meaningless.